# NO. 15-4113

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

PAMELA MILLER, *et al.*

Plaintiffs-Appellees

v.

BASIC RESEARCH, LLC, *et al.*

Defendant–Appellees

v.

JEFFREY LEE WEINSTEIN,

Objector-Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION, CIVIL ACTION NO. 2:07-CV-00871-TS

**APPELLANT'S RESPONSE TO PLAINTIFFS/APPELLEES' MOTION
TO DISMISS FOR LACK OF APPELLATE JURISDICTION**

TO THE HONORABLE TENTH CIRCUIT COURT OF APPEALS:

Appellant Jeffrey Lee Weinstein files this Response to the Plaintiffs-Appellees' Motion to Dismiss for Lack of Appellate Jurisdiction. In short, Appellees' motion is wholly without merit and should be denied. This Court has appellate jurisdiction pursuant to 28 U.S.C. §1291 because Weinstein appeals a final decision of a Federal District Court.

1

I.    **Introduction.**

This Court has jurisdiction over this appeal. Contrary to Appellees' argument, Weinstein is not a stranger to the District Court's final judgment. In fact, Weinstein is specifically referenced in the court's Final Judgment. (Dkt. 324 at 8, ¶15). And, Weinstein's objection—which was expressly overruled by the District Court in its July 27, 2015 "Order Granting Joint Motion to Dismiss Objection filed by Jeffrey Weinstein"—was made final by that same judgment. Given the Final Judgment, which made final and expressly incorporates the order overruling Weinstein's objection, this Court has jurisdiction and Weinstein has Article III standing to appeal. Appellees' complaint goes to the merits of this appeal and, as such, their motion to dismiss should be denied.

II.   **Weinstein has standing to appeal the order dismissing his objection and the Final Judgment.**

Appellees' motion does not present a question of appellate jurisdiction. Weinstein has standing to appeal the Order dismissing his Objection and, if Weinstein is correct and the District Court was wrong in dismissing that Objection, then Weinstein also has standing to challenge the Final Judgment approving the fairness of the class settlement.

Appellees seek to avoid the merits of Weinstein's Objection by claiming that this Court lacks jurisdiction. In the process, however, Appellees demonstrate a fundamental misunderstanding of this Court's jurisdiction and the standing issue presented.

To begin with, the Order dismissing Weinstein's Objection became final when the Final Judgment (which expressly incorporates the ruling on Weinstein's objection) was entered. "It is bedrock law that [this Court] ha[s] jurisdiction over all final decisions of federal district courts under 28 U.S.C. § 1291." *Miami Tribe of Ok. v. United States,* 656 F.3d 1129, 1137 (10th Cir. 2011). This Court therefore has jurisdiction to hear Weinstein's appeal of the Order and Final Judgment against him.

Moreover, the District Court's Order and Final Judgment aggrieves Weinstein personally giving him standing to appeal it. A favorable decision on appeal would ameliorate that injury, giving Weinstein Article III standing. *See Raley v. Hyundai Motor Co.,* 642 F.3d 1271, 1275 (10th Cir. 2011) (noting that unnamed parties can nonetheless have Article III standing to appeal where they have been injured by a district court ruling and a favorable decision on appeal would ameliorate that injury). Weinstein also possesses prudential standing because he does not seek to

pursue another person's legal rights, litigate a generalized grievance, or raise a challenge that falls outside the zone of interests protected by the law involved.  *See id.*  On the face of the record, Weinstein personally appeared before the District Court, suffered a real and concrete injury as a result of the District Court's Order and possesses an interest that would not be adequately represented on appeal by the parties to this lawsuit.  *See id.*  Weinstein therefore has standing.

Fundamentally, the standing Appellees complain of is Weinstein's standing in the District Court to object to the class settlement, not his standing to appeal the District Court's Order.  There can be no question that Weinstein has the right and standing to appeal the District Court's determination that he was not a class member entitled to object.  Otherwise Weinstein is left without any meaningful right to challenge the District Court's decision.

A party denied standing to object may appeal such a determination. *In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.*, 543 F.2d 1058, 1064 (3rd Cir. 1976).  In this context, "[t]he question of standing does not go to whether or not the appeal should be heard, but rather to its merits."  *Id.* (citing *Warth v. Seldin,* 422 U.S. 490 (1975)).

Weinstein timely filed his objection on July 15, 2015. (Dkt. 319). Plaintiffs and Defendants (Appellees here) filed a Joint Motion to Dismiss Objection on July 21, 2015, (Dkt. 320), which the District Court granted on July 27, 2015 (Dkt. 322). That order became final the following day when the District Court entered a Final Judgment approving the settlement. (Dkt. 324). Weinstein has standing to appeal the order dismissing his objection, and this Court has standing to hear it.

Of course, if Weinstein is a Class Member (as he proved in the District Court (Dkt. 319 at 1-2) and will show in detail in his Appellant's Brief), then he also has standing to appeal the Final Judgment.[1] The Supreme Court made it clear in *Devlin v. Scardelletti*, 536 U.S. 1 (2002), that nonnamed class members who have objected in a timely manner to approval of the settlement have the power to bring an appeal without first intervening. *Id.* at 14. This Circuit agrees. *See In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257 (10th Cir. 2004); *see also Poertner v. Gillette Co.*, No. 14-13882, ___ F.3d ___, 2015 WL 4310896, at *3 (11th Cir. July 16, 2015) (per

---

[1] Conversely, if this Court determines, on the merits, that the District Court was correct and that Weinstein is not a class member, then it need not address the substantive objections to the class settlement since, under those circumstances, Weinstein would not have standing to object to the settlement.

curiam); *Eubank v. Pella Corp.,* 753 F.3d 718, 729 (7th Cir. 2014) (noting that absent objectors have standing to appeal from an adverse judgment).[2]

If the District Court was wrong and Weinstein did prove that he was a Class Member, then Weinstein has standing to challenge the class settlement and have the Objections he raised below addressed by this Court. But, Appellees are not entitled to bypass the appellate process entirely simply by re-casting Weinstein's standing in the District Court as a jurisdictional bar here. Weinstein's standing is at the heart of the merits of this appeal, and this Court has jurisdiction to hear those merits.

## III.  Conclusion and Prayer.

Appellees' motion is misplaced. By its very nature, Appellees' motion goes to the merits of Weinstein's appeal, not this Court's right to hear it. Because this Court has jurisdiction to hear this appeal, Weinstein respectfully requests that this Court deny Appellees' motion and such other and further relief to which Weinstein may be justly and equitably entitled.

---

[2] Appellees ignore this authority, opting instead to cite only *AAL High Yield Bond Fund v. Deloitte & Touch LLP,* 361 F.3d 1305 (11th Cir. 2009), which holds, rather unremarkably, that nonnamed class members qualify as "parties" to the action because they are bound by the judgment they seek to challenge, and that persons who are not class members are not bound by the judgment at all. *Id.* at 1309-10 (cited by Appellees at pages 8-9 of their Motion to Dismiss).

Respectfully submitted,

By: /s/ Jeffrey L. Weinstein
    **Jeffrey Lee Weinstein**
    jeff@jeffweinstein.com
    518 East Tyler Street
    Athens, Texas 75751
    (903) 677-5333
    (903) 677-3657 (fax)

**PRO SE APPELLANT**

## CERTIFICATE OF PRIVACY REDACTIONS AND ECF SUBMISSION

I hereby certify that no privacy redactions have been made to this document because none were required.

I further certify that this Response was scanned for viruses using ESET NOD32 Antivirus 4, last updated: 9/11/2015 6:22:01 A.M. and, according to the program, this submission is free of viruses.

/s/ Jeffrey L. Weinstein
**Jeffrey Lee Weinstein**

# **CERTIFICATE OF SERVICE**

I hereby certify that on **September 11, 2015**, I electronically filed the foregoing *Response to Motion to Dismiss for Lack of Appellate Jurisdiction* with the clerk of the court for the Tenth Circuit Court of Appeals, using the electronic case filing system of the court. Consistent with 10th Cir. R. 25.4, the electronic case filing system sent a "Notice of Docket Activity" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means:

Scott R. Shepherd
sshepherd@sfmslaw.com
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, Pennsylvania 19063
*Attorneys for Plaintiffs/Appellees*

Kevin R. Roddy
kroddy@wilentz.com
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
*Attorneys for Plaintiffs/Appellees*

Jon V. Harper
jharper@aklawfirm.com
Anderson & Karrenberg
50 West Broadway, Suite 700
Salt Lake City, Utah 84101-2035
*Attorneys for Plaintiffs/Appellees*

Christopher Sullivan
sullivan@ppktrial.com
Ronald F. Price
ronprice@ppktrial.com
Jason M. Kerr
jasonkerr@ppktrial.com
Price Parkinson & Kerr, PLLC
5742 West Harold Gattey Drive
Salt Lake City, Utah 84116
*Attorneys for Defendants/Appellees*

/s/ Jeffrey L. Weinstein
**Jeffrey Lee Weinstein**