**Appeal No. 15-4113**
_____

**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**
_____

**PAMELA MILLER; RANDY HOWARD; DONNA PATTERSON; MARY TOMPKINS, on behalf of themselves and all others similarly situated,**

Plaintiffs - Appellees,

v.

**BASIC RESEARCH, LLC; DYNAKOR PHARMACAL, LLC; WESTERN HOLDINGS, LLC; BYDEX MANAGEMENT, LLC,**

Defendants - Appellees.

-------------------------------------------

**JEFFREY LEE WEINSTEIN,**

Objector - Appellant.
_____

**On Appeal From The United States District Court For The District Of Utah
The Honorable Ted Stewart, Judge Presiding
(Case No. 2:07-CV-000871-TS-DBP)**
_____

**PLAINTIFFS-APPELLEES' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION**
_____

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
Scott R. Shepherd
35 E. State Street
Media, PA  19063
Tel: 610/891-9880
Fax: 610/891-9883
Email: sshepherd@sfmslaw.com

*Attorneys for Plaintiffs-Appellees*

Plaintiffs/Appellees hereby submit their Reply Memorandum in Further Support of Their Motion, pursuant to Tenth Circuit Rule 27.2(A)(1)(a), to Dismiss the Appeal of Jeffrey Weinstein ("Appellant" or "Weinstein") for Lack of Appellate Jurisdiction.

## I.     INTRODUCTION

Local Rule 27.2(A)(1)(a) is designed for situations like this. In their Initial Memorandum, Plaintiffs argued that this Court lacks jurisdiction over Weinstein's appeal because, as the District Court specifically found, he is not a Class member, nor does he represent a Class member. Unless the Rules of Appellate Procedure are to be rewritten to provide standing to anyone with an academic or financial interest in pursuing an appeal, Weinstein's opposition memorandum ("Opposition") confirms that he lacks standing and that his appeal must be dismissed. He was not a party below; he provided no evidence of Class membership to the District Court when he had the opportunity to do so; he took no steps to intervene in this class action in the District Court and thereby obtain standing; and, even in his Opposition, he presents no evidence to the contrary, instead merely asserting his conclusion that he was, somehow, a member of the Class. His cynical attempt to insert himself into this case and thereby delay the implementation of the nationwide Settlement below cannot be rewarded without damage to fundamental, and longstanding, principles of appellate jurisdiction.

## II.  ARGUMENT

In his Opposition, Weinstein does not attempt to argue that he satisfied the Class definition, *i.e.* that he purchased the Akävar weight-loss dietary supplement for personal consumption, and that he purchased it after reviewing the advertised catch phrase "Eat All You Want and Still Lose Weight." Weinstein does not make this argument because there is no plausible basis for it: as set forth in Plaintiffs/Appellees' Initial Memorandum, Weinstein purchased the product, almost surely out of date, from an Internet remnant distributor's website, after the District Court granted preliminary approval to the Settlement and a few weeks before the final approval hearing, solely for the purpose of filing an objection. He surely could not have purchased the product after seeing the advertising slogan because the product has not been advertised for several years. Instead of presenting a factual argument, Weinstein says that he showed he is a Class member in the District Court, and in his merits brief he will somehow show it again. The plain truth is that Weinstein is not a Class member or otherwise a party to this action and, therefore, he has no standing to file an appeal of the District Court's order approving the nationwide Settlement.

The one case Weinstein relies on to support his supposed standing, *In re Pittsburgh & Lake Erie R.R. Co. Sec. & Antitrust Litig.,* 543 F.2d 1058 (3rd Cir. 1976) (Opposition at 4), is clearly inapposite. In that case, a shareholder derivative

action, the court held that a pledgee of stock had standing to object to a settlement under the requirements of FED. R. CIV. P. 23.1 because of its equitable interest in the stock. *Id.* at 1066-67. In contrast, Weinstein does not assert *any* interest making him a Class member but, rather, merely claims that because he filed an objection to the Settlement, which the District Court dismissed because it was clear that he is *not* a Class member, he is entitled to appeal.[1]

Fundamentally, Weinstein's argument is that ***anyone*** who files an appeal is entitled to a full-fledged appeal, even if for nothing more than to determine whether he was, in fact, entitled to file an appeal in the first place. If Weinstein is correct, there is no reason for the summary disposition provisions of Local Rule 27.2 because anyone who files any appeal would be entitled to fully litigate any issue. But this is not the case: Local Rule 27.2 is expressly designed to allow for the prompt adjudication of threshold issues like appellate jurisdiction. Weinstein says that he "will show in detail in his Appellant's Brief" that he is a Class member (Opposition at 5), but the Rule does not allow Appellants to choose when and where they will respond. Weinstein's inability to provide ***any*** argument that he is a

---

[1] The Opposition's arguments, based on *Devlin v. Scardelletti*, 536 U.S. 1 (2002), represent pure red herrings (Opposition at 5-6). Appellees' Initial Memorandum did not argue that absent class members must intervene in order to object to a settlement. Rather, Appellees argued in their Initial Memorandum, citing *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1309 (11th Cir. 2004), that persons who are not Class members in the first place have no appellate standing. *See Id.* ("Because the Objectors are not a party to this action and have not moved to intervene, we cannot hear their appeal.").

3

Class member shows conclusively that he cannot satisfy this threshold issue, and requires dismissal of his appeal.

## III. CONCLUSION

For all the above-stated reasons, as well as those set forth in Appellees' Initial Memorandum, Weinstein's appeal should be dismissed summarily.

Dated:  September 15, 2015

**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**

*/s/Scott R. Shepherd*
Scott R. Shepherd
35 E. State Street
Media, PA  19063
Tel: 610/891-9880
Fax: 866/300-7367
sshepherd@sfmslaw.com

**WILENTZ, GOLDMAN & SPITZER, P.A**.
Kevin P. Roddy
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ  07095
Tel: 732/636-8000
Fax: 732/726-6686
kroddy@wilentz.com

**ANDERSON & KARRENBERG**
Jon V. Harper #1378
50 West Broadway, Suite 700
Salt Lake City, UT  84101-2035
Tel: 801/534-1700
Fax: 801/364-7697
jharper@aklawfirm.com

*Attorneys for Plaintiffs and the Class*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing PLAINTIFFS-APPELLEES' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION was served on this 15th day of September, 2015, by electronic transmission via the Court's CM/EMF notification system on the following:

>Christopher B. Sullivan
>Ronald H. Price
>Jason Kerr
>PRICE PARKINSON & KERR
>5742 West Harold Gatty Drive
>Salt Lake City, Utah 84116
>Sullivan@ppktrial.com
>Price@ppktrial.com
>Kerr@ppktrial.com
>
>Jeffrey Weinstein
>518 East Tyler Street
>Athens, TX 75751

>/s/Scott R. Shepherd
>Scott R. Shepherd